UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA MATARAZZO, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>　　　　　　　　　Defendant. | CLASS ACTION<br><br>C.A. NO. 11-5439<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT - CLASS ACTION

### INTRODUCTION

1.　Plaintiff brings this class action against Defendant to obtain relief for herself and the classes she proposes to represent for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

2.　Defendant is a consumer reporting agency ("CRA") and prepares and furnishes consumer reports for employment and other purposes. Defendant furnished such consumer reports to prospective and existing employers of the Plaintiff and the putative classes. Many of these employers did thereafter refuse to hire or did discharge Plaintiff and other consumers based in whole or in part on the consumer reports.

3.　Plaintiff alleges a class claim under 15 U.S.C. § 1681k because Defendant did not provide Plaintiff and other similarly situated consumers timely and lawful notice that it was furnishing an employment consumer report "at the time" it did so, even though those reports contained public records information that was likely to have an adverse effect upon the consumers' ability to obtain employment. This important requirement is intended to provide

consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer. Defendant's failure to comply with these long standing requirements denied the Plaintiff and each putative class member these important rights.

## JURISDICTION AND VENUE

4. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant does substantial business here, significant facts occurred here and the Plaintiff resides here.

## PARTIES

6. Lisa Matarazzo ("Plaintiff") is a "consumer" as protected and governed by the FCRA.

7. Defendant Equifax Information Services, LLC is a CRA, as defined and governed by the FCRA, which regularly conducts business in the Eastern District of Pennsylvania and which furnishes consumer reports for employment purposes and for that purpose compiles and reports items of information about consumers that are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment.

## FACTS

8. In or around July 2009, plaintiff applied for a job with the United States Government, Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("Employer").

2

9.      The Employer requested and allegedly received from Defendant a consumer report regarding the Plaintiff, on several dates including, but not limited to, August 26, 2009 and December 14, 2009.  These consumer reports contained at least one item of information which was a matter of public record (a Bankruptcy) and of the type of information that was likely to have an adverse effect upon a consumer's ability to obtain employment generally, and as well specifically with the Employer.  Later, when Plaintiff received correspondence from the U.S. Department of Justice, she learned that an entity identified as "Equifax Credit Bureau" had provided some type of information to her potential employer.  However, Plaintiff has never learned, and never could learn absent litigation or through consultation with counsel, when Defendant failed to provide her with notice that it was reporting adverse public records information about her.

10.     Plaintiff has also applied for numerous other employment positions, and her consumer report has been purchased from Defendant and has been reviewed by numerous prospective employers, beginning in May of 2008 and continuing through December 2009.

11.     The reports furnished by Defendant were furnished for employment purposes.

12.     No letter or other communication containing the information described at 15 U.S.C. § 1681k(a)(1) was ever received by the Plaintiff from Defendant.

13.     Upon information and belief, the Plaintiff alleges that Defendant never sent such a notice letter "at the time" it furnished an employment consumer report containing derogatory public record information about her.

14.     During this process, the Plaintiff did not receive an actual copy of her consumer report from the Employer.

3

15. The following inaccuracies appeared on Plaintiff's Equifax consumer report in or around October 2009:

    a. The Discover Card, "charge off" is a business credit card belonging to plaintiff's husband for which plaintiff was only an authorized user (disputed electronically to Equifax without reply);

    b. The Portfolio Recovery Services item duplicates the Capital One "charge off" account; and

    c. TRS/SST accounts are duplicate items.

16. As a result of the consumer reports discussed above, the Employer refused to hire or approve for hire the Plaintiff.

17. Despite providing a report for employment purposes to Plaintiff's and the putative class members' prospective employers containing public record information likely to have an adverse affect upon their ability to obtain or maintain employment, Defendant failed to provide notice at the time of the fact that the public record information was being reported by Defendant, together with the name and address of the person(s) to whom such information was being reported.

18. This notice is particularly important as Defendant has a systemic problem in reporting complete and up to date public records information on consumer reports. Importantly, Defendant does not directly derive public records information from government records or court dockets itself. Instead, Defendant relies upon third party furnishers of information that obtain select information from court and government records, not the complete or actual public records, and then mold and fabricate that select information into the format which they sell to Defendant

to be placed upon consumer reports.

19.     Defendant has known of the widespread problems that arise because of its reliance upon third party furnishers for public records information for at least a decade and of other systemic problems and inaccuracies in its reporting of public records items.  For example, in *Clark v. Experian Information Solutions, Inc., et al.*, Equifax was sued because it reported false bankruptcy remarks on consumer report for consumers who had never filed a bankruptcy. *See Clark*, 2004 WL 256433 *15 (D.S.C. Jan. 14, 2004) (final approval of class settlement). Again in *White v. Experian Information Solutions, Inc., et al.*, Equifax was sued for its failure to maintain reasonable procedures to ensure the accurate reporting of debts discharged in bankruptcy.  *See White*, 2011 WL 2972054 *22 (C.D. Ca. July 15, 2011) (granting final approval of class settlement).  And most recently in *Soutter v. Equifax Information Solutions, Inc.*, Civ. No. 10-107 (E.D. Va. 2010), Equifax was again the subject of a class action that alleges it fails to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports by making regular updates to its public records information.

20.     Based upon the foregoing, Plaintiff alleges that Defendant did not attempt for any consumer to follow the option available at 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (*e.g.* the court clerk) immediately before furnishing a report which includes such information.  Thus, 15 U.S.C. § 1681k(a)(2) is inapplicable to the consumer reports at issue in this case.

21.     Defendant knew or should have known about its legal obligations under the FCRA.  These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

22. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

23. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff and other members of the classes of their rights under the FCRA.

<strong><u>COUNT ONE: VIOLATION OF THE FCRA § 1681k(a)(1)</u></strong><br><strong>(CLASS ACTION)</strong>

24. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

25. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of the following class:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of an Equifax consumer report (b) that was furnished for an employment purpose, (c) that contained at least one record of a civil tax lien, bankruptcy or civil judgment (d) within two years next preceding the filing of this action and during its pendency, and (e) to whom Defendant did fail to mail (place in the United States mail postage pre-paid), on the day the report was furnished, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

26. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff also brings this action for herself and on behalf of the following subclass:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a Equifax consumer report (b) that was furnished for an employment purpose, (c) to the United States Government (d) that contained at least one record of a civil tax lien, bankruptcy or civil

judgment (e) within two years next preceding the filing of this action and during its pendency, and (f) to whom Defendant did fail to mail (place in the United States mail postage pre-paid), on the day the report was furnished, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.  Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

27.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical.  The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

28.     **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Classes. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant sent the required notices, when it did so and whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices.  Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question.

29.     **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member.  Plaintiff seeks only statutory and punitive damages.  In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Classes.

30.     **Adequacy.** Plaintiff is an adequate representative of the Classes because her interests coincide with, and are not antagonistic to, the interests of the members of the Classes she seeks to represent, she has retained counsel competent and experienced in such litigation, and

she intends to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiff and her Counsel will fairly and adequately protect the interests of members of the Classes.

31. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

32. Defendant's failure to timely provide the required FCRA notices to the Plaintiff and other members of the putative class violated 15 U.S.C. § 1681k(a)(1).

33. The conduct, action, and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

34. Plaintiff and other members of the putative classes are entitled to recover costs

and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

35. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorney's fees and costs pursuant to § 1681n.

## JURY TRIAL DEMAND

36. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a. That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Classes;

b. That judgment be entered for the Classes against Defendant for statutory damages and punitive damages for violation of 15 U.S.C. § 1681k(a) pursuant to 15 U.S.C. § 1681n;

c. That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n; and

d. That the Court grant such other and further relief as may be just and proper.

Dated: October 7, 2011                           RC935

                                              ROBERT P. COCCO, P.C.

By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200