IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA MATARAZZO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendant. | Civil Action File No.<br><br>1:12-cv-01006-WSD-AJB<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
TO CONFIRM AN EXTENSION OF TIME TO FILE
HER MOTION FOR CLASS CERTIFICATION**

Plaintiff Lisa Matarazzo, by counsel, hereby moves for confirmation of the previous grant for an extension of time to file her Motion for Class Certification in this case under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA"). The action was brought on behalf of consumers for whom the Equifax credit reporting agency sold a consumer report with a derogatory public record (*e.g.* tax lien, bankruptcy or judgment) to their employer, without timely notifying them.

1

I.     **BACKGROUND**

This class action was filed in the Eastern District of Pennsylvania on August 29, 2011 (Doc. 1) and an Amended Complaint was filed on October 20, 2011 (Doc. 5).  Plaintiff seeks to represent two classes of similarly situated employment applicants who: (1) beginning two years prior to the filing of this action and continuing through the time of judgment in this action, were the subject of an employment consumer report prepared by Equifax which included at least one record of a civil tax lien, bankruptcy or civil judgment to whom Equifax failed to mail on the day it furnished the report the required written notice ("First Class"); and, (2) beginning two years prior to the filing of this action and continuing through the time of judgment in this action, were the subject of an employment consumer report prepared by Equifax and sent to the U.S. government which included at least one record of a civil tax lien, bankruptcy or civil judgment to whom Equifax failed to mail on the day it furnished the report the required written notice "(Second Class").  *See* Amend. Complaint, Doc. 5 at ¶¶ 25-26.

On November 22, 2012, Plaintiff filed a Motion to Extend Time to Move for Class Certification.  (Doc. 10).  The Hon. Jan DuBois granted Plaintiff's request on December 14, 2011, for good cause appearing, and ordered that the time when Plaintiff would be required to file her Motion for Class Certification would be addressed at the pretrial conference.  (Doc. 15).

On January 9, 2012, after the pretrial conference, Judge DuBois issued a briefing schedule for Defendant's Motion to Transfer and/or Dismiss Plaintiff's Complaint, deferring all other proceedings. (Doc. 18). On March 21, 2012, after the Defendant filed its Motion to Transfer or in the Alternative Dismiss Plaintiff's Complaint, the parties stipulated to the transfer of this matter from the Eastern District of Pennsylvania to the Northern District of Georgia, Atlanta Division. (Doc. 28). The transfer was effectuated on March 26, 2012. (Doc. 29).

No pretrial conference has been scheduled.

## II.  **ARGUMENT**

Local Rule 23.1 ordinarily requires that a class certification motion be filed within 90 days after the filing of the complaint, but "[t]he court may extend the time upon a showing of good cause." The application of that time frame to this case would indicate that Plaintiff's class certification motion would be due in early January 2012. Plaintiff so moved the Eastern District for an extension of time in which to file her motion for class certification, and an extension was so granted. (Doc. Nos. 10 and 15).

Local Rule 23.1 became effective April 15, 1997, at a time when Fed. R. Civ. P. 23(c) required that the determination whether to certify a class be made "as soon as practicable after commencement of an action." However, effective December 1, 2003, Fed. R. Civ. P. 23(c) was amended to require instead that "the

court must – *at an early practicable time* – determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A) (emphasis supplied).

According to the Advisory Committee Notes, subdivision (c)(1)(A) was changed because the "as soon as practicable" language "neither reflects prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision," citing Willging, Hooper & Niemic, EMPIRICAL STUDY OF CLASS ACTIONS IN FOUR FEDERAL DISTRICT COURTS; FINAL REPORT TO THE ADVISORY COMMITTEE ON CIVIL RULES 26-36 (Federal Judicial Center 1996). The Notes go on to explain that the Rule was changed to reflect that time may be needed to gather information necessary to make the certification decision and that it might make sense for a court to rule on dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified. Advisory Committee Notes to 2003 Amendments.

Local Rule 23.1 has not been revised to comport with the 2003 amendments to Rule 23(c). But the time limit in the Local Rule has arguably been superseded by the amendments to Rule 23 because the basis for the 90-day time period in the Local Rule was the former language in Rule 23 that decision on certification be made "as soon as practicable after commencement of an action." No case could be found analyzing the Local Rule's 90-day time period in light of the 2003 amendments to Rule 23(c).

Here, Plaintiff seeks affirmation from this Court, confirming the previously granted extension of time to move for class certification until thirty (30) days after the close of class certification discovery or other reasonable time as set forth by this Court after a Rule 16 Conference.  Courts in this district often delay rulings on class certification to permit discovery to proceed.  Good cause exists for the requested extension of time.  The case is in its very early stages, Defendant has yet to file its Answer, and discovery has not yet commenced.  No pretrial conference has been held and no case management plan has yet been developed.

### III.   CONCLUSION

For all the above reasons, Plaintiff respectfully requests that this Court find there is good cause and confirm the previously granted extension of time to file her Motion for Class Certification until thirty (30) days following the close of class discovery or other reasonable time as set forth by the Court after a Rule 16 Conference.

### CERTIFICATE OF COMPLIANCE WITH LR 5.1B & 7.1D, NDGa.

Pursuant to LR 7.1D, NDGa., I certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1B, to wit:

[x]   Times New Roman, 14 point; or

[ ]   Courier New, 12 point.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

*/s/ Justin T. Holcombe*
Justin T. Holcombe
Attorney for Plaintiff
Georgia Bar No. 552100

P.O. Box 1478, Marietta, GA  30061-1478
331 Washington Avenue, Marietta, GA  30060
voice (770) 427-5600   fax (404) 601-1855
jholcombe@skaarandfeagle.com