## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LISA MATARAZZO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | 1:12-cv-01006-WSD-AJB |
| | : | |
| EQUIFAX INFORMATION SERVICES LLC, | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax"), by undersigned counsel, submits the following Answer and Defenses to Plaintiff's Amended Complaint -- Class Action ("Complaint").

### PRELIMINARY STATEMENT

In submitting its Answer and Defenses to the Complaint, Equifax denies all allegations contained in the unnumbered paragraphs and headings in the Complaint, and specifically denies any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be required.

# ANSWER

In response to the specific enumerated paragraphs in the Complaint, Equifax responds as follows:

1.Equifax admits that Plaintiff purports to bring this class action against Equifax for alleged violations of the Fair Credit Reporting Act ("FCRA"), but denies that it has violated the FCRA, denies that Plaintiff is entitled to any relief from Equifax, and denies that class certification is appropriate in this case.

2.Equifax admits that it is a consumer reporting agency, as defined by the FCRA, and that it prepares consumer reports for employment and other purposes. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies those allegations.

3.Equifax admits that Plaintiff purports to allege a class claim against Equifax under 15 U.S.C. § 1681k, but denies that class treatment is appropriate. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in second and third sentences in Paragraph 3 and, therefore, denies those allegations. Equifax denies the remaining allegations in Paragraph 3.

4.Equifax admits the allegations in Paragraph 4.

5.Equifax admits that venue is proper in this Court.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7. Equifax admits that it is a consumer reporting agency, as defined and governed by the FCRA, and that it furnishes consumer reports for employment purposes. Equifax further admits that it compiles and reports items of information about consumers that may be matters of public record. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and, therefore, denies those allegations.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies those allegations.

9. Equifax admits that it provided a consumer report regarding Plaintiff to the Employer in 2009. Equifax further states that the contents of the report speak for themselves. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies those allegations.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those

allegations.

11. Upon information and belief, the Employer had a permissible purpose for obtaining the report(s) that it requested for Plaintiff. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and, therefore, denies those allegations.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies those allegations.

13. Equifax admits the allegations in Paragraph 13.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15. Equifax denies the allegations in Paragraph 15, including all subparts.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies those allegations.

17. Equifax denies the allegations in Paragraph 17.

18. Equifax admits that it contracts with third parties to provide certain

information from public records. Equifax denies the remaining allegations in Paragraph 18.

19. Equifax states that the complaints cited in Paragraph 19 speak for themselves. Equifax denies the remaining allegations in Paragraph 19.

20. Equifax states that its policies and procedures are designed to comply with the FCRA. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, denies those allegations.

21. Equifax admits that it knows the requirements of the FCRA, but denies that it violated the FCRA in this case. Equifax denies the remaining allegations in Paragraph 21.

22. Equifax admits that it is apprised of its duties under the FCRA. Equifax denies the remaining allegations in Paragraph 22.

23. Equifax denies the allegations in Paragraph 23.

24. Equifax restates and incorporates its responses to each of the allegations in the preceding paragraphs as if fully set forth herein.

25. Equifax admits that Paragraph 25 purports to define the class that Plaintiff seeks to have certified, but denies that class certification is appropriate in this case.

26. Equifax admits that Paragraph 26 purports to define the subclass that Plaintiff seeks to have certified, but denies that class certification is appropriate in this case.

27. Equifax denies the allegations in Paragraph 27.

28. Equifax denies the allegations in Paragraph 28.

29. Equifax denies the allegations in Paragraph 29.

30. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies those allegations.

31. Equifax denies the allegations in Paragraph 31.

32. Equifax denies the allegations in Paragraph 32.

33. Equifax denies the allegations in Paragraph 33.

34. Equifax denies the allegations in Paragraph 34.

35. Equifax denies the allegations in Paragraph 35.

36. Equifax admits that Plaintiff demands trial by jury.

37. Equifax denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief immediately following Paragraph 36.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to Plaintiff's Complaint. Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

### FIRST DEFENSE

The Complaint is barred, in whole or in part, because it fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint is barred, in whole or in part, because Equifax maintained reasonable procedures to comply with 15 U.S.C. § 1681k and all other provisions of the FCRA in relation to the credit files of Plaintiff and the other members of the putative class.

### THIRD DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

### FOURTH DEFENSE

At all pertinent times, Equifax acted in good faith and without malice or intent to injure Plaintiff.

**FIFTH DEFENSE**

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 because Plaintiff cannot satisfy one or more of the requirements for class certification under Rule 23.

**SIXTH DEFENSE**

Any recovery by Plaintiff and members of the putative class is barred, in whole or in part, under the principles of set-off and recoupment for damages or settlements recovered from other parties.

**SEVENTH DEFENSE**

Equifax is entitled to any defenses provided by the application for employment and/or other documents required by the Employer that were signed and/or agreed to by Plaintiff.

**EIGHTH DEFENSE**

The Complaint is barred, in whole or in part, because any alleged damages were caused by the actions of Plaintiff and the members of the putative class which equaled or exceeded any negligence by Equifax.

**NINTH DEFENSE**

Plaintiff and the members of the putative class have failed to mitigate their damages.

## TENTH DEFENSE

Plaintiff's Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); and *State Farm v. Campbell*, 538 U.S. 408 (2003).

## ELEVENTH DEFENSE

Plaintiff's claims for willful violations of the FCRA are barred by the principles articulated in *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007).

## TWELFTH DEFENSE

Equifax denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed, in its entirety and with prejudice, with costs taxed against Plaintiff;

(2) Equifax have a trial by jury;

(3) Equifax recover from Plaintiff its attorney's fees and costs; and

(4) Equifax recover from Plaintiff all other relief to which it is entitled.

Respectfully submitted this 15th day of August, 2012.

                    KING & SPALDING LLP


                By:    /s/ *Barry Goheen*
                         Barry Goheen (Ga. Bar No. 299203)
                         J. Anthony Love (Ga. Bar No. 459155)
                         K. Ann Broussard (Ga. Bar No. 100142)

                         1180 Peachtree Street, N.E.
                         Atlanta, Georgia  30309
                         Tel:  404-572-4600
                         Fax: 404-572-5100
                         Email:  bgoheen@kslaw.com
                                       tlove@kslaw.com
                                       abroussard@kslaw.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, in compliance with Local Rule 7.1(D), that the foregoing pleading has been prepared using 14 point Times New Roman font.

                                         /s/   *Barry Goheen*
                                         Barry Goheen
                                         Georgia Bar No. 299203

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a copy of the foregoing **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's CM/ECF filing system or by mail to anyone unable to accept electronic filing.

James A. Francis
David A. Searles
Erin A. Novak
Francis & Mailman, P.C.
19th Floor, Land Title Building
100 South Broad Street
Philadelphia, PA 19110

James Marvin Feagle
Justin Tharpe Holcolmbe
Kris Kelly Skaar
Skaar & Feagle, LLP-Decatur
Suite 204
108 East Ponce de Leon Ave.
Decatur, GA 30030

Leonard A. Bennett
Consumer Litigation Associates, P.C.-NN VA
Suite 1-A
763 J Clyde Morris Blvd.
Newport News, VA 23601

Robert T. Cocco
Law Offices of Robert P. Cocco, PC

Suite 900
1500 Walnut Street
Philadelphia, PA 19102
*Attorneys for Plaintiff*

Dated:   August 15, 2012

                    /s/   *Barry Goheen*

KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600
Fax: (404) 572-5100