## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LISA MATARAZZO, on behalf of herself and all others similarly situated, | ) ) ) ) |
| | ) Civil Action File No. |
| Plaintiff, | ) 1:12-cv-01006-WSD-AJB |
| | ) |
| v. | ) CLASS ACTION |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) ) |
| | ) |
| Defendant. | ) ) |

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.      **Description of Case:**

   **(a) Describe briefly the nature of this action.**

   Plaintiff has brought this case as a class action and contends that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, by pursuing a common policy and practice of, among other things, failing to provide Plaintiff and other similarly situated consumers timely and lawful notice that Defendant was furnishing an employment consumer report "at the time" it did so, even though those reports contained public records information that was likely to

have an adverse effect upon the consumers' ability to obtain employment.  Plaintiff contends that by depriving consumers of timely access to their files, Defendant, Equifax Information Services LLC ("Equifax"), denies consumers their FCRA mandated statutory rights, including the opportunity to correct inaccurate information reported by Equifax.

Equifax denies Plaintiff's claims and denies that the case is appropriate for class certification.  Equifax contends that it complied with the FCRA at all times relevant to this case.

**(b) Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

**Plaintiff's Summary:**

In or around July 2009, Plaintiff Lisa Matarazzo applied for a job with the United States Government, Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  ATF requested and purchased from Defendant a consumer report regarding the Plaintiff, on several dates including, but not limited to, August 26, 2009 and December 14, 2009.  These consumer reports contained at least one item of information which was a matter of public record (a bankruptcy) and of the type of information that was likely to have an adverse effect upon a consumer's ability to obtain employment, and contained inaccuracies.  As a

result of the consumer reports, ATF refused to hire the Plaintiff.

Plaintiff alleges that Defendant failed to provide notice at the time of the fact that the public record information was being reported by Defendant, together with the name and address of the person(s) to whom such information was being reported.  Plaintiff alleges that Defendant has known of the widespread problems that arise because of its reliance upon third party furnishers for public records information for at least a decade and of other systemic problems and inaccuracies in its reporting of public records items.

Plaintiff contends that Defendant acted consciously in breaching its known duties and depriving Plaintiff and other consumers of their rights under the FCRA.

**<u>Defendant's Summary:</u>**

Equifax is a consumer reporting agency under the FCRA.  As such, it maintains credit files for tens of millions of consumers throughout the United States, including Plaintiff.  Equifax provides credit reports to third parties who have a permissible purpose for obtaining the reports such as applications for credit or employment.  Equifax maintains policies and procedures that are designed to insure compliance with the FCRA, including procedures designed to comply with section 1681k(a) of the Act, which is the FCRA provision at issue in this case.

In this case, Plaintiff filed for bankruptcy and the record of the bankruptcy appeared on her credit file.  Plaintiff claims that she applied for a job with the United States Department of Justice and was denied because of information that appeared on her credit file.  Equifax denies that Plaintiff was denied employment as the result of any inaccurate information on her credit file and/or any act or omission of Equifax.  Further, Equifax denies that it violated the FCRA in any way in its handling of Plaintiff's credit file.

### (c) The legal issues to be tried are as follows:

**By Plaintiff:**

1.      Whether the Defendant pursues a common practice and policy that violates section 1681k(a) of the FCRA;

2.      If a violation is determined to have occurred, whether the Defendant's conduct was willful or negligent;

3.      Whether Plaintiff is entitled to actual damages, and if so, the amount of actual damages to which Plaintiff is entitled;

4.       Whether the Plaintiff and the Class are entitled to statutory and punitive damages pursuant to FCRA, 15 U.S.C. § 1681n;

5.      The amount of statutory damages to be awarded to the Plaintiff and the Class;

6.      The amount of punitive damages to be awarded to the Plaintiff and the Class; and

7.      The amount of attorney's fees and costs to be awarded in this action pursuant to FCRA, 15 U.S.C. §§ 1681n and 1681o.

**By Defendant:**

1. Whether Plaintiff can establish the elements necessary to prove a violation of § 1681k(a) of the FCRA.

2. Whether Plaintiff sustained any damages as the direct and proximate cause of any act or omission of Equifax.

3. Whether, if Plaintiff was damaged, she failed to mitigate her damages.

4. Whether Plaintiff can prove that Equifax willfully violated the FCRA.

5. Whether Plaintiff can establish any, let alone all, of the elements for class certification pursuant to Fed. R. Civ. P. 23.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

**2.      This case is complex because it possesses one (1) or more of the features listed below (please check):**

**By Plaintiff:**

This case is a class action.

   ___ _ **(1) Unusually large number of parties**

   ___ **(2) Unusually large number of claims or defenses**

   _ __ **(3) Factual issues are exceptionally complex**

   ___ **(4) Greater than normal volume of evidence**

   _X__ **(5) Extended discovery period is needed**

   ___ **(6) Problems locating or preserving evidence**

   ___ **(7) Pending parallel investigations or action by the government**

   __X_ **(8) Multiple use of experts**

   ___ **(9) Need for discovery outside United States boundaries**

   ___ **(10) Existence of highly technical issues and proof**

**By Equifax:**

Equifax denies that the case is complex and denies that class certification is appropriate.

3.     **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:                    James M. Feagle
                              SKAAR & FEAGLE, LLP
                              108 E. Ponce de Leon Ave., Suite 204
                              Decatur, GA 30030
                              (404) 373 – 1970 (Telephone)
                              (404) 601 – 1855 (Facsimile)

                              James A. Francis
                              FRANCIS & MAILMAN, P.C.
                              100 S. Broad St., 19th Floor
                              Philadelphia, PA 19110
                              215.735.8600 (ph)
                              215.940.8000(fax)
                              jfrancis@consumerlawfirm.com

                              Attorneys for Plaintiff Lisa Matarazzo and Class


Defendant:                    Barry Goheen
                              KING & SPALDING LLP
                              1180 Peachtree Street
                              Atlanta, Georgia 30309-3521
                              Tel.: (404) 572-3079
                              Fax: (404) 572-5172

                              Attorney   for   Defendant   Equifax   Information
Services LLC

4.      **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

**___Yes   X   No.**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

5.      **Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

The parties do not believe there are any additional necessary parties who have not been joined.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any**

contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.   Further instructions regarding amendments are contained in LR 15.

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

The parties do not anticipate any additional amendments to the pleadings but reserve the right to supplement this response and to amend pleadings as permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable law.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

The parties propose the following schedule for motions:

(a)     *Motions to Compel:*   before the close of discovery or within the extension period allowed in some instances.  Local Rules 37.1.

(b)    *Motion for Class Certification:* within thirty (30) days following the close of class discovery; response to the motion due thirty (30) days from the date the motion for class certification is filed; reply to response due fourteen (14) days from service of response.

(c)    *Summary Judgment Motions:*  not later than thirty (30) days after the close of merits discovery, unless otherwise permitted by Court order, *see* Local Rule 56.1; response to any summary judgment motion due thirty (30) days from the date the motion for summary judgment is filed; reply to response due fourteen (14) days from service of response.

(d) *Other Limited Motions:*   Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony: Daubert* motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

The parties do not object to serving initial disclosures.

**9.     Request for Scheduling Conference:**

**Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time.

**10.   Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**<u>Plaintiff</u>:**

Plaintiff proposes that the parties first address discovery on the elements of Rule 23(a) and (b), for a period of 120 days.  Within thirty days after the close of class discovery, Plaintiff will file her motion for class certification.  Following a ruling on class certification, Plaintiff proposes that the parties meet and agree upon a schedule for remaining discovery addressing, to the extent not already covered in class discovery, the allegations and defenses raised in the pleadings in this case; the Defendant's procedures to comply with section 1681k of the FCRA; whether the Defendant's conduct was willful or negligent; the persons or entities to which Defendant supplied Plaintiff's credit reports; factors which may be used in determining whether Plaintiff is entitled to statutory damages and the amount thereof pursuant to section 1681n of the FCRA;  and any factors which may be used in the determination of whether punitive damages should be awarded to Plaintiff and the amount thereof.

**<u>Defendant</u>:**

Equifax objects to bifurcated discovery and requests that the Court enter a scheduling order with a single set of deadlines for the completion of discovery and the filing of motions for class certification and motions for summary judgment. Equifax anticipates seeking discovery on the following subjects:

(1)  Plaintiff's damages, credit, financial, and employment history.

12

(2)  Correspondence between Plaintiff and Equifax.

(3)  Plaintiff's communications to Equifax.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

**By Plaintiff:**

Plaintiff expects that class discovery can be completed within six (6) months.  Thereafter, Plaintiff shall have thirty (30) days to file her motion for class certification.  Defendant will have thirty (30) days to file its opposition if any, and Plaintiff will have fourteen (14) days to file a reply to the opposition.

Following a ruling on class certification, the parties shall confer to propose a schedule for completing merits discovery and dispositive motion practice, if any.

**By Equifax:**

Equifax does not anticipate that any additional time will be needed.

**11.   Discovery Limitations**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

The parties agree that in the event privileged documents or communications

are inadvertently produced, such will be returned to the producing party and will not be used in this litigation until the Court has made a determination as to the admissibility of such materials.  The parties agree that producing documents and other communications inadvertently will not operate as a waiver of privilege.

The parties agree, with respect to any e-mails and electronic documents and data produced to each other in this case, that either electronic files or hard copies of such e-mails and electronic documents and data may be produced.

The parties do not anticipate the need for any further limitations on discovery other than those imposed under the Federal Rules of Civil Procedure and the Local Rules. The parties reserve the right to seek discovery beyond the limits set forth above by leave of court, for good cause shown.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

None at this time.

**13.    Settlement Potential:**

**(a)  Lead counsel for Plaintiff and Defendant certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 10, 2012 and that they participated in settlement discussions.**

**For Plaintiff:**     */s/ James M. Feagle*
                      James M. Feagle

**For Defendant:**    */s/ Barry Goheen_____*
                      Barry Goheen

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(_) A possibility of settlement before discovery.**

**( X ) A possibility of settlement after discovery.**

**(__) A possibility of settlement, but a conference with the judge is needed.**

**(__) No possibility of settlement.**

**(c) Counsel ( X ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

None.

**14.   Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

15

**(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court.   A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court**

**(b) The parties (\_\_X\_\_) do not consent to having this case tried before a magistrate judge of this Court.**

Dated: August 27, 2012

**SKAAR & FEAGLE, LLP            KING & SPALDING LLP**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **LISA MATARAZZO, on behalf of herself and all others similarly situated,** | ) ) ) ) | |
| | ) | **Civil Action File No.** |
| **Plaintiff,** | ) ) | **1:12-cv-01006-WSD-AJB** |
| **v.** | ) ) | **CLASS ACTION** |
| **EQUIFAX INFORMATION SERVICES LLC,** | ) ) ) ) | |
| **Defendant.** | ) ) ) | |

\* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Schedule, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing all discovery, and discussing settlement are as follows:

.

**IT IS SO ORDERED, this _____ day of _____, 2012.**

_____

**United States District Court**
**Northern District of Georgia**