UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA MATARAZZO, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-cv-01006-WSD-AJB |
| | ) |
| v. | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| Defendant. | ) |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff Lisa Matarazzo ("Plaintiff") and Defendant, Equifax Information Services LLC ("Equifax"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony, and information have been and may be sought, produced, or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to Equifax and/or credit and other confidential information of Plaintiff;

THEREFORE, this Court orders as follows:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action that is designated to be subject to this Order.

2. Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, that is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(7) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing, or trial and shall be segregated from other information being submitted.  Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY."  Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL-AEO MATERIALS" respectively.

3. A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within 3 business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround.  The designating party may designate those portions of the transcript CONFIDENTIAL or

4.      All CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects, or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

5.      Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (v) the Court, Court personnel, and members of any jury impaneled to hear this case.

6.      Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court any party that seeks to disclose any CONFIDENTIAL MATERIALS to any disclosed expert pursuant to paragraph 5(iii) must give notice in writing by facsimile or by electronic transmission to the designating party not less than seven (7) business days prior to the proposed disclosure.  Such notice must include the name of the disclosed expert, the date of the proposed disclosure, a summary of the disclosure, and the expert's educational and employment history.  If the designating party objects in good faith to the proposed disclosure, it must give notification in writing by

7. Subject to paragraph 9, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 5 and

8. Subject to paragraph 9, in the absence of prior written permission from designating party or an order by the Court, CONFIDENTIAL-AEO MATERIALS shall not be disclosed to any person other than counsel of record in this case.

9. In the event that any party disagrees with any designation made under this Order, the parties shall first attempt in good faith, via a telephone conference, to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) business days after such notice. The designating party shall have the right to move the Court to retain the designated status of such materials. If the designating party files such a motion within the fifteen (15) business day period, the receiving party shall continue to retain the materials as CONFIDENTIAL or CONFIDENTIAL-AEO, consistent with the designating party's designation, until the Court has ruled on the designating party's motion. If the designating party

10. Subject to paragraph 9, any party seeking to file CONFIDENTIAL MATERIALS or CONFIDENTIAL - AEO MATERIALS with the Court must contact the designating party (7) seven business days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS or the CONFIDENTIAL-AEO MATERIALS can be filed with the Court.  In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS shall file such material in accordance with Local Rule 5(B) & (D).  The designating party shall file a Motion to Seal, in accordance with Local Rule 5(C)-(D), simultaneously with the other party's filing. The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

11. Subject to paragraph 9, within sixty (60) days after the conclusion of this case, upon written request, the parties shall assemble and return to the designating party all materials containing information designated in accordance

7

12.     This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order.  Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

13.     This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

14.     Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL-AEO," nor the failure to make such designation, shall constitute evidence on any issue in this case.  The designation of any materials as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

15. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

16. Notwithstanding any other provision in this Order, the parties will meet and confer before the designation of any single document or group of documents as CONFIDENTIAL or CONFIDENTIAL-AEO.  During this conference, the designating party shall provide advance notice of the intent to designate a particular document as CONFIDENTIAL or CONFIDENTIAL-AEO. The parties will attempt to work out any objections in good faith.  If they cannot work out any objections to the designation of a particular document, then the producing party will bear the burden of establishing that the document is entitled to the subject designation through the process set forth above.  Further, the parties have already met and conferred and agreed that the following documents, if any in this case, will be produced WITHOUT the need for a protective order:  ACIS cases, ACDVs, correspondence between Plaintiff and Equifax, UDFs, frozen scans, audit trials, and certain emails between Equifax and LexisNexis.  The parties have agreed that the following documents will be produced WITH the protection of the protective order: vendor agreements, vendor invoices, manuals, report cards, agenda records, and full insurance policies.

Agreed and stipulated to by:

This 20th day of December, 2012.

        KING & SPALDING LLP


        By: /s/ *K. Ann Broussard*
        Barry Goheen (Georgia Bar No. 299203)
        J. Anthony Love (Georgia Bar No. )
        K. Ann Broussard (Georgia Bar No. 100142)
        King & Spalding LLP
        1180 Peachtree Street, N.E.
        Atlanta, Georgia  30309
        Tel:  (404) 572-4600
        Fax: (404) 572-5100
        bgoheen@kslaw.com
        tlove@kslaw.com
        abroussard@kslaw.com

        *Counsel for Defendant Equifax Information Services LLC*


        By: /s/ *David A. Searles*
        David A. Searles
        Erin A. Novak
        James A. Francis
        Francis & Mailman, P.C.
        19th Floor, Land Title Bldg.
        100 South Broad Street
        Philadelphia, PA  19110

        Robert P. Cocco, P.C.
        1500 Walnut Street, Suite 900
        Philadelphia, PA  19101
        (215) 351-0200

James Marvin Feagle
Skaar & Feagle, LLP - Decatur
Suite 204, 108 East Ponce de Leon Ave.
Decatur, GA  30030

Justin Tharpe Holcombe
Kris Kelly Skaar
Skaar & Feagle, LLP - Marietta
331 Washington Ave.
Marietta, GA  30061

Leonard A. Bennett
Consumer Litigation Associates, P.C.
Suite 1-A
763 J. Clyde Morris Blvd.
Newport News, VA  23601

*Counsel for Plaintiff*

## **ORDER**

GOOD CAUSE APPEARING THEREFORE,
IT IS SO ORDERED.

Dated: _____          _____
                                                Judge

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, in compliance with Local Rule 5.1(C), that the foregoing pleading has been prepared using 14 point Times New Roman font.

                         /s/   *K. Ann Broussard*
                         K. Ann Broussard
                         Georgia Bar No. 100142

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of STIPULATED PROTECTIVE ORDER upon the following parties by CM/ECF to the following parties:

> David A. Searles
> Erin A. Novak
> James A. Francis
> Francis & Mailman, P.C.
> 19th Floor, Land Title Bldg.
> 100 South Broad Street
> Philadelphia, PA  19110
>
> James Marvin Feagle
> Skaar & Feagle, LLP - Decatur
> Suite 204, 108 East Ponce de Leon Ave.
> Decatur, GA  30030
>
> Justin Tharpe Holcombe
> Kris Kelly Skaar
> Skaar & Feagle, LLP - Marietta
> 331 Washington Ave.
> Marietta, GA  30061
>
> Leonard A. Bennett
> Consumer Litigation Associates, P.C.
> NNVA, Suite 1-A
> 763 J. Clyde Morris Blvd.
> Newport News, VA  23601
>
> Robert T. Cocco
> Law Offices of Robert P. Cocco, PC
> Suite 900, 1500 Walnut Street
> Philadelphia, PA  19102
> *Attorneys for Plaintiff*

This 20th of December, 2012.

            /s/  *K. Ann Broussard*